# Third District Court of Appeal

## State of Florida

Opinion filed February 3, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1599
Lower Tribunal No. 20-18188
_____

**Dani Shimon,**
Petitioner,

vs.

**R. B.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Stok Kon + Braverman, and Robert A. Stok, Joshua R. Kon, and Yosef Kudan (Fort Lauderdale), for petitioner.

Horowitz Law, and Adam D. Horowitz and Elana B. Goodman (Fort Lauderdale); Kuehne Davis Law, P.A., and Benedict P. Kuehne and Michael T. Davis, for respondent.


Before LOGUE, SCALES, and LINDSEY, JJ.

LOGUE, J.

Dani Shimon petitions for a writ of certiorari to quash part of an order requiring him to provide documents in discovery that he contends violates his Fifth Amendment right against self-incrimination. Under the authority of Wahnon v. Coral & Stones Unlimited Corp., No. 3D19-2387, 2020 WL 7049998 (Fla. 3d DCA Dec. 2, 2020), which was not available to the trial court at the time of its ruling, we issue the writ and quash paragraph one of the order under review.

R.B. sued Shimon alleging he sexually battered her on board his boat when it was located in the waters off north Miami-Dade County or south Broward County. R.B. reported the assault to three separate law enforcement agencies: the Hallandale Beach Police Department; the Miami-Dade County Police Department; and the Broward State Attorney's Office. The Hallandale Beach Police closed their investigation noting that the Broward State Attorney declined to prosecute due to "the time delay and the victim's indecisiveness to come forward in the beginning, as well as jurisdictional issues." The Broward State Attorney never filed an information or formally charged Shimon. There is no indication that Shimon was ever arrested or requested to appear in court.

Finding no reasonable danger of prosecution, the trial court entered a blanket order overruling Shimon's Fifth Amendment objection without

2

addressing each category of the requested documents individually. The order further provided Shimon would be fined $1,000 for each day he failed to produce the documents after the expiration of seven days. Shimon timely filed a petition for certiorari with this Court.

"To grant certiorari relief, there must be: '(1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law.'" Fla. Power & Light Co. v. Cook, 277 So. 3d 263, 264 (Fla. 3d DCA 2019) (quoting Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012)). An order compelling testimony in violation of the Fifth Amendment privilege against self-incrimination qualifies as irreparable harm justifying the issuance of a writ of certiorari. See Aguila v. Frederic, 45 Fla. L. Weekly D2043 (Fla. 3d DCA Aug. 26, 2020).

The standard for deciding whether the Fifth Amendment has been properly invoked in a civil proceeding is whether "'the civil litigant has reasonable grounds to believe that direct answers to deposition or interrogatory questions would furnish a link in the chain of evidence needed to prove a crime against him.'" Id. at *2 (quoting Rainerman v. Eagle Nat'l Bank of Mia., 541 So. 2d 740, 741 (Fla. 3d DCA 1989)). The United States Supreme Court "has always broadly construed [the Fifth Amendment's]

3

protection to assure that an individual is not compelled to produce evidence which later may be used against him as an accused in a criminal action." Maness v. Meyers, 419 U.S. 449, 461 (1975).

Here, future prosecution of this action is not barred by the statute of limitations,[1] legal immunity from prosecution has not been granted,[2] and the protection against double jeopardy has not been established. The Broward State Attorney's decision not to prosecute was based in part on the conclusion that it had "no reasonable likelihood of conviction." A discretionary decision not to prosecute because of a lack of evidence can quickly be reversed when new evidence comes to light. One can easily envision circumstances in which a disclosure made by Shimon could furnish a link in the chain of evidence needed to prove a crime against him and cause the law enforcement agencies to re-open their investigations. For that matter, the Broward State Attorney's decision not to prosecute hardly prevents the Miami-Dade State Attorney from pursuing prosecution and the

---

[1] The Hallandale Beach Police Department originally classified this action as a violation of section 794.011(4), Florida Statutes (2019). Because R.B. reported the battery within 72 hours, there is no applicable statute of limitations and the prosecution "may be commenced at any time." § 775.15(13)(a).

[2] A notation in a police report that the State Attorney declined to prosecute is not a grant of immunity.

4

jurisdictional issues that impacted prosecution in Broward may not apply in Miami-Dade.

In these circumstances, we agree with Shimon that the possibility that a criminal investigation could be re-opened in the future is not so remote as to eliminate his reasonable fear of prosecution. For this reason, he cannot be compelled to give testimony over a claim of his Fifth Amendment right. Wahnon, 2020 WL 7049998, at *4.

Thus, this case presents a classic example of where Shimon's Fifth Amendment privilege against self-incrimination conflicts with R.B.'s right to access the courts. "In these circumstances, the trial court must fashion a remedy that has the least intrusive impact on the assertion of the Fifth Amendment privilege while alleviating the prejudice to the other party and providing a 'just, speedy, and inexpensive determination' of the underlying dispute." Id. (quoting Fla. R. Civ. P. 1.010).

Petition granted in part; order quashed in part.